UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Karina Dubinskaya,<br><br>          Plaintiff,<br>v.<br><br>FMS Inc., and<br>Comenity Capital Bank,<br><br>          Defendants. | Civil Action No.: 14-cv-3497 |

# COMPLAINT

Plaintiff Karina Dubinskaya, by and through her undersigned counsel, states as follows:

## JURISDICTION AND VENUE

1. The Plaintiff seeks redress for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, New York General Business Law § 349, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

2. Pursuant to 15 U.S.C. § 1692k(d), this Court has jurisdiction over actions arising under the FDCPA.

3. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District, as the Defendants transact business in this District and a substantial part of the events giving rise to the claims occurred in this District.

## PARTIES

4. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

5. Plaintiff Karina Dubinskaya is an adult individual residing in the City of New York and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

1

6. Defendant FMS Inc. ("FMS") is an Oklahoma-based company. FMS operates as a debt collection company within the State of New York and is a "debt collector" pursuant to 15 U.S.C. § 1692a(6). FMS has alleged that the Plaintiff incurred a financial obligation in the approximate amount of $226.00 (the "Debt") to GE Capital Retail Bank ("Creditor"). The alleged Debt arose from services provided which were primarily for family, personal, or household purposes and which conforms with the definition of a "debt" pursuant to 15 U.S.C. § 1692a(5).

7. Defendant FMS attempted to collect the alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

8. Defendant Comenity Capital Bank is a Utah-based corporation. Comenity Capital Bank has been operating as a debt collection company within the State of New York and is a "debt collector" pursuant to 15 U.S.C. § 1692a(6). Comenity Capital Bank falls within the definition of "debt collection agency" as defined in New York City Administrative Code § 20-489(a).

9. Comenity Capital Bank does not have a debt collector's license as required by New York City Administrative Code § 20-490. The online debt collector database for the N.Y.C. Department of Consumer Affairs contains no listing for an entity with "Comenity" as part of such entity's name. (*See* Ex. A.)

10. Comentiy Capital Bank is not authorized to do business in the State of New York. As of June 2, 2014, the New York State, Department of State, Division of Corporations, contains no entry in its online database for Defendant Comenity Capital Bank. (*See* Ex. B.)

11. Comenity Capital Bank has placed numerous calls to the Plaintiff's cellular phone. Upon information and belief, the aforementioned calls were made while Comenity Capital Bank was attempting to collect the Debt.

12. Comenity Capital Bank attempted to collect the Debt and engaged in conduct the natural consequence of which was to harass the Plaintiff. *See* 15 U.S.C. 1692d.

### ALLEGATIONS APPLICABLE TO ALL COUNTS

13. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

### FMS Engages in Unfair Practices and Harassment

14. On or about March 26, 2014, an agent for Defendant FMS placed a call to the Plaintiff's home. The call was answered by the Plaintiff's mother. During this call, the FMS agent said she was calling about a debt owed by the Plaintiff. The FMS agent said that the Plaintiff must immediately call FMS back.

15. Before and after this call, the Plaintiff had informed FMS that the Debt was paid in full. The Plaintiff offered to send proof that the balance was paid in full. However, FMS insisted that the Plaintiff must make a payment.

16. On several occasions, the Plaintiff asked FMS to stop calling. However, calls from FMS persisted.

17. FMS tried to collect an amount that was paid and no longer due. Although the Plaintiff did inform FMS that the Debt was paid, FMS ignored the Plaintiff's assertion and persisted in collection.

**Comenity Capital Bank Engages in Unfair Practices and Harassment**

18.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19.     From about February to April of 2014, Comentiy Capital Bank made numerous calls to the Plaintiff's cellular phone.  Upon information and belief, the continuous and incessant calls were intended to harass the Plaintiff about the Debt.

20.     Upon information and belief, Comenity Capital Bank used an automatic dialing system when placing calls to the Plaintiff.

21.     The Plaintiff had never provided Comenity Capital Bank or the Creditor with express permission to call her cellular phone.

22.     Comentiy Capital Bank is not licensed to collect debts within the City of New York pursuant to New York City Administrative Code § 20-490.  (*See* Ex. A.)  Comenity Capital Bank is not authorized to do business within the State of New York.  (*See* Ex. B.)  As such, any call, communication, or activity directed at the Plaintiff by Comenity Capital Bank was impermissible and illegal.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692**

23.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24.     Defendant FMS's conduct violated numerous provisions of the FDCPA, including, but not limited to, 15 U.S.C. §§ 1692b(2), 1692c, 1692c(b), 1692d, 1692d(5), 1692e, 1692e(2)(A), 1692e(10), 1692f, and 1692f(1).

25. Defendant Comenity Capital Bank's conduct violated numerous provisions of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692d, 1692d(5), 1692d(6), 1692e(5), 1692f, 1692f(1), and 1692i(b).

26. The Plaintiff is entitled to statutory and actual damages as a result of the Defendants' violations.

## COUNT II
## DEFENDANT'S VIOLATIONS OF
## NEW YORK GENERAL BUSINESS LAW § 349

27. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. New York General Business Law § 349 prohibits "deceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service" in the State of New York.

29. By acting as debt collectors, the Defendants conduct business and/or provide services within the meaning of New York General Business Law § 349.

30. Defendants engaged in deceptive acts and practices by virtue of the acts and omissions described in paragraphs 5-22, *supra*. The aforementioned acts and omissions by the Defendants 1) were deceptive and misleading in a material sense, and 2) caused injury to the Plaintiff.

31. By reason of the conduct alleged above, the Defendants engaged in deceptive conduct in violation of New York General Business Law § 349.

## COUNT II
## DEFENDANT COMENITY CAPITAL BANK'S VIOLATIONS OF
## THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 *et seq.*

32. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. Upon information and belief, Defendant Comenity Capital Bank used an automatic dialing system to place calls to the Plaintiff.  An automatic dialing system is a system that has the capacity to dial and "to store or produce numbers to be called, using a random or sequential number generator."  47 U.S.C. § 227(a)(1).

34. The Defendant used an automatic dialing system to place numerous calls to the Plaintiff's cellular phone without express permission.  This conduct violated 47 U.S.C. § 227(b)(1)(A)(iii).

35. The foregoing acts and omissions by Defendant Comenity Capital Bank constitute a clear and manifest violation of the TCPA.

36. The Plaintiff is entitled to damages resulting from the Defendant's violations of the TCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Awarding the Plaintiff actual and statutory damages pursuant to 15 U.S.C. § 1692k against the Defendants;

2. Awarding the Plaintiff costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

3. Awarding the Plaintiff damages and reasonable attorneys' fees pursuant to New York General Business Law § 349 against the Defendants;

4. Awarding the Plaintiff $500.00 for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5) plus reasonable attorneys' fees and costs against Comenity Capital Bank; and

5. Granting such other and further relief that the Court may deem just and proper.

Dated:  June 3, 2014

    Respectfully submitted,

    By:  /s/ Hashim Rahman
    Hashim Rahman, Esq.
    Rahman Legal
    155 Water Street
    Brooklyn, NY 11201
    hrahman@rahmanlegal.com
    Phone: (347) 433-6139
    Fax: (347) 382-9457